UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATRIOT CONTRACTING, LLC**                    **CIVIL ACTION**

**VERSUS**                                      **NO: 15-6634**

**STAR INSURANCE COMPANY, ET AL**               **SECTION: "H"(4)**

## ORDER AND REASONS

Before the Court is Defendant Star Insurance Company's Motion to Stay or, in the alternative, Motion for Summary Judgment (Doc. 48). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

This diversity action arises out a construction project on a "New Group Camp" in Bayou Segnette State Park in Westwego (the "Project"). The State of Louisiana (the "State") entered into a contract with Troy Frick as general contractor for the construction of the Project (the "Original Contract"). Defendant Star Insurance Company ("Star"), as surety, issued a statutory Performance and Payment Bond in the amount of $2,546,000 for the Project. The State entered into a separate contract with Defendant The Architectural Studio/James Dodds, AIA Corporation ('TAS") for planning and design services

1

with regard to the Project, whereby TAS was to provide construction documents (the "Contract Documents").

When Frick failed to satisfactorily complete work on the Project, the State made demand on Defendant Star to remedy and complete the work. Accordingly, Star executed a Surety Takeover Agreement with the State (the "Takeover Agreement"). Star then executed a completion contract with Plaintiff Patriot, where Patriot was to complete the work outlined in the Original Contract (the "Completion Contract"). Patriot was to rely on the Contract Documents created by TAS in completing the work; however, it avers that it became aware of design errors and omissions in these documents.

Patriot avers that these errors resulted in significant cost overruns to Patriot and delays to its work. It further alleges that TAS was slow to respond to Patriot's requests for information regarding the details of the Contract Documents, and that TAS's failures caused it to incur increased expenses. It further avers that Star has not paid Patriot under the agreement, having rejected Patriot's work on the Project. Patriot further contends that Star and TAS continued to demand "unreasonable punch list work" and that they are withholding money for already completed work. Ultimately, Patriot abandoned the Project on November 9, 2015. The State terminated the Takeover Agreement on March 14, 2016 and has rebid the Project.

Star has filed the instant Motion, asking the Court to stay these proceedings pending resolution of disputes between it and the State. In the alternative, Star moves for summary judgment dismissing Patriot's claims for all alleged outstanding payments. Patriot opposes this Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

3

necessary facts."[7]   Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### I. Star's Request to Stay the Matter

The Federal Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."[9] Nevertheless, "A district court certainly possesses the authority to regulate its flow of cases."[10]  "Although the Court has the inherent power to stay any matter pending before it in the interest of justice and economy of time and effort for itself, for counsel and for litigants, the moving party bears a heavy burden to show why a stay should be granted."[11]

Star contends that this matter should be stayed pending resolution of its dispute with the State.  The State has indicated that it intends to file suit against Star for, inter alia, remedial work, liquidated damages, design fees for rebidding the project, and additional costs incurred for completing the project.  Star contends that until its liability to the State is established, it will be deprived of critical defenses against Patriot's claims and it will be unable to establish its own damages claim against Patriot. Patriot responds, arguing that a stay is inappropriate, particularly in light of the fact that the State has not instituted litigation against Star.  This Court agrees.  Patriot alleges that

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citiations omitted).
[10] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985).
[11]*St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Re*f., L.L.C., 348 F. Supp. 2d 765, 767 (E.D. La. 2004).

4

Star has not paid it for work completed on the Project. It avers that it has been exposed to multiple suits for payment from its unpaid subcontractors. Patriot is entitled to litigate its entitlement to payment from Star sooner rather than later. Any issues relative to Patriot's duty to indemnify Star for those claims asserted by the State can be resolved if and when the State files suit against Star. Accordingly, Star's request for a stay of these proceedings is denied.

## II. Star's Motion for Summary Judgment

In the alternative, Star moves for summary judgment on Patriot's claims. Star argues that the State's approval of Patriot's work is a suspensive condition to Star's payment obligations to Patriot. Star contends that it has remitted payment to Patriot for all work that has been approved by the State and for which payment has been remitted to Star. Star contends that the terms of the Completion Contract include a suspensive condition whereupon Star's payment obligations to Patriot are contingent upon the State's acceptance of Patriot's work. In pertinent part, the Completion Contract provides:

> Surety [Star] will make periodic progress payments to Completion Contractor [Patriot], for work completed by Completion Contractor, as determined by the State in accordance with the Contract . . . .Within ten (10) days after Surety's receipt of each progress payment from the State, Surety will send to Completion Contractor its progress payment less 5% retainage. Surety's final payment to Completion Contractor will include all retainages; provided, however, that Surety's obligations to make progress payments and the final payment to Completion Contractor, are expressly conditioned upon (i) approval by the State of the quality and quantity of Completion Contractor's work and (ii) Completion Contractor's discharge of its obligations under this Agreement.[12]

---

[12] Doc. 28-2, p. 23.

Patriot responds, arguing (1) that the contract does not create a suspensive condition for payment and (2) that even if it does, genuine issues of material fact relative to the State's acceptance of its work preclude summary judgment at this time. The Court will address these arguments in turn.

**A. Star's Payment Obligations are Subject to a Suspensive Condition**

The parties disagree as to whether the above cited contractual provision creates a suspensive condition. Under Louisiana law, a suspensive condition is a provision of a contract by which "[t]he right to enforce the obligation does not arise until the fulfillment of the suspensive condition, and the obligation may not be enforced until the condition is met."[13] Louisiana courts have held that a court should find that an obligation is subject to a suspensive condition "only when the express language of the contract 'compels' such a construction."[14] In addition, "contractual provisions are construed as not to be suspensive conditions whenever possible."[15] Star argues that the contract provisions are analogous to a "pay-if-paid" clause in a construction contract, wherein a general contractor's obligation to pay is suspensively conditioned upon the general contractor's receipt of payment from the owner. "To create an enforceable 'pay-if-paid' clause the parties' intent to do so must be explicitly expressed in their agreement."[16]

Patriot argues that the Completion Contract's terms do not create a suspensive condition. In support of this position, they point to language contained in the Takeover Agreement between Star and the State wherein Star

---

[13] *Murry v. Murphy*, 970 So. 2d 700, 702 (La. App. 3 Cir. 2007).
[14] *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 622 (5th Cir. 2005).
[15] *S. States Masonry, Inc. v. J.A. Jones Const. Co.*, 507 So. 2d 198, 201 (La. 1987).
[16] *Tymeless Flooring, Inc. v. Rotolo Consultants, Inc.*, 172 So. 3d 145, 151 (La. App. 4 Cir. 2015).

6

agreed to use its own funds as necessary to pay for completion of the project.[17] For the Court to consider the impact of this provision it would have to look beyond the four corners of the Completion Contract, which the Court cannot do absent a finding of ambiguity therein. "When a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties."[18] "The rules of contractual interpretation simply do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent."[19] The determination of whether a contract is clear or ambiguous is a question of law.[20] "When a contract can be interpreted from the four corners of the instrument, the question of contractual interpretation is answered as a matter of law, and summary judgment is appropriate."[21]

The Court has reviewed the terms of the Completion Contract and finds that it unambiguously conditions payments to Patriot on the State's approval of its work. Indeed, the Completion Contract indicates that all payments "are *expressly* conditioned upon (i) approval by the State of the quality and quantity of the Completion Contractor's work."[22] This Court cannot imagine a more clearly stated suspensive condition. Because the Completion Contract is

---

[17] Doc. 48-2, p. 12.
[18] *Lis v. Hamilton*, 652 So. 3d 1327, 1330 (La. 1995) (citations omitted).
[19] *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007).
[20] *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 764 (La. 1994) (citation omitted).
[21] *Mobil Exploration & Producing U.S. Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A)*, 837 So. 2d 11, 24 (La. App. 1 Cir. 2002) (citation omitted).
[22] Doc. 48-2 at 23.

unambiguous, the Court may look no further in divining the intent of the parties. Accordingly, the Court finds that Star's obligation to pay Patriot for work completed is expressly conditioned on the State's acceptance of the same.

**B. Genuine Issues of Material Fact Regarding the State's Acceptance of the Work Preclude Summary Judgment at This Time**

Star contends that the State has not approved any of Patriot's work since July 31, 2015 payment application and that it has remitted payment for all work approved by the State. Patriot responds in opposition, noting that the State has rebid the Project. Patriot contends that any work not required by the rebid documents has necessarily been accepted by the State. It contends that its expert is still in the process of reviewing the Rebid Documents in an effort to establish a complete list of all work performed by Patriot and accepted by the State. The Court finds that the extent to which the State has accepted Patriot's work, as evidenced by the rebid documents, is a genuine issue of material fact precluding summary judgment at this time.

## CONCLUSION

For the foregoing reasons, Defendant Star Insurance Company's Motion to Stay or, in the alternative, Motion for Summary Judgment (Doc. 48) is **DENIED**.

New Orleans, Louisiana this 23rd day of February, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8