UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRIOT CONTRACTING, LLC | CIVIL ACTION |
| VERSUS | NO: 15-6634 |
| STAR INSURANCE COMPANY, ET AL | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court is Star Insurance Company's Motion for Reconsideration of Prior Denial of its Motion for Partial Summary Judgment (Doc. 63). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

This diversity action arises out a construction project on a "New Group Camp" in Bayou Segnette State Park in Westwego (the "Project"). The State of Louisiana (the "State") entered into a contract with Troy Frick as general contractor for the construction of the Project (the "Original Contract"). Defendant Star Insurance Company ("Star"), as surety, issued a statutory Performance and Payment Bond in the amount of $2,546,000 for the Project. The State entered into a separate contract with Defendant The Architectural Studio/James Dodds, AIA Corporation ('TAS") for planning and design services

1

with regard to the Project, whereby TAS was to provide construction documents (the "Contract Documents").

When Frick failed to satisfactorily complete work on the Project, the State made demand on Defendant Star to remedy and complete the work. Accordingly, Star executed a Surety Takeover Agreement with the State (the "Takeover Agreement"). Star then executed a completion contract with Plaintiff Patriot, where Patriot was to complete the work outlined in the Original Contract (the "Completion Contract"). Patriot was to rely on the Contract Documents created by TAS in completing the work; however, it avers that it became aware of design errors and omissions in these documents.

Patriot avers that these errors resulted in significant cost overruns to Patriot and delays to its work. It further alleges that TAS was slow to respond to Patriot's requests for information regarding the details of the Contract Documents, and that TAS's failures caused it to incur increased expenses. It further avers that Star has not paid Patriot under the agreement, having rejected Patriot's work on the Project. Patriot further contends that Star and TAS continued to demand "unreasonable punch list work" and that they are withholding money for already completed work. Ultimately, Patriot abandoned the Project on November 9, 2015. The State terminated the Takeover Agreement on March 14, 2016 and has rebid the Project.

Star previously filed a Motion for Summary Judgment arguing that it had remitted to Patriot all appropriate payments under the Completion Contract. Star sought summary judgment in its favor on Patriot's claims for further payment. The Court denied that motion, finding that genuine issues of material fact persisted as to the extent to which the State had accepted Patriot's work. In the instant Motion, Star seeks review of this ruling.

## LEGAL STANDARD

Motions to reconsider interlocutory orders are governed by Rule 54(b), which allows a district court to "revise[] at any time" "any order or other decision . . . [that] does not end the action."[1] "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[2] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[3]

## LAW AND ANALYSIS

In this Motion, Defendant Star seeks reconsideration of this Court's earlier denial of its Motion for Summary Judgment. In ruling on the original motion, the Court found that Star's payment obligations to Patriot were subject to a suspensive condition—the State's acceptance of Patriot's work. The Court found that genuine issue of material fact as to the degree of the State's acceptance precluded summary judgment. Specifically, the Court found that the rebid documents might indicate acceptance of portions of the work done by Patriot, as it contends that it has not received payment for portions of its work

---

[1] Fed. R. Civ. P. 54(b).
[2] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n 14 (5th Cir. 1994).
[3] *Austin v. Kroger Texas, L.P.*, No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. Apr. 14, 2017) (citing *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

that were not rebid. Patriot contends that any work not included in the rebid documents was necessarily accepted by the State.

Star now wishes to revisit this issue, essentially arguing that (1) the clear and unambiguous terms of the contract indicate that Star has no obligation to pay Patriot and (2) no genuine issue of material fact remains because Patriot's expert did not include in his report a listing of work not included in the rebid documents and accepted by the State. The Court will address these argument in turn.

## I. Arguments Regarding the Language of the Contract are Not Appropriately Considered in a Motion to Reconsider

Much of Star's present Motion is devoted to arguments concerning its obligations to pay Patriot under the terms of the Completion Contract. These arguments rely on no new evidence. Indeed, many of these same arguments were considered and rejected by the Court in ruling on Star's original motion.[4] In any event, Star points the Court to no new evidence and no intervening change in the law in support of their motion for reconsideration on this issue. Accordingly, its Motion is denied in this regard.

## II. Genuine Issues of Fact Remain Despite Patriot's Expert Report

Star next contends that any issues of material fact that existed at the time of the Court's original ruling have been obviated because Patriot's expert report did not include a list of work that it contends was accepted by the State by virtue of its omission from the rebid documents. The only new evidence submitted along with the Motion is a copy of this expert report. Patriot responds in opposition, arguing that discovery is ongoing and that it does not need expert testimony to demonstrate that elements of its work do not appear

---

[4] *See* Doc. 48-1.

in the rebid documents. This Court agrees. Discovery does not end until August 18, 2017. The Project may very well be completed in that time, giving the parties ample opportunity to resolve disputed factual issues. Additionally, Star points this Court to no authority indicating that Patriot is unable to carry is burden of proof absent expert testimony. Despite Patriot's failure to include a list of purportedly accepted work in its expert report, genuine issues of material fact remain with regard to its entitlement to payment, and summary judgment is not warranted at this time.

## CONCLUSION

For the foregoing reasons, Defendant Star Insurance Company's Motion for Reconsideration (Doc. 63) is **DENIED**.

New Orleans, Louisiana this 21st day of June, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**