UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRIOT CONTRACTING, LLC | CIVIL ACTION |
| VERSUS | NO: 15-6634 |
| STAR INSURANCE COMPANY, ET AL | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court are two motions filed by Defendant The Architectural Studio/James Dodds, AIA Corporation: a Motion for Partial Summary Judgment (Doc. 163) and a Motion to Dismiss Claims for Unjust Enrichment and Attorney's Fees (Doc. 165). For the following reasons, the Motion for Partial Summary Judgment is GRANTED IN PART and the Motion to Dismiss is GRANTED.

## BACKGROUND

This diversity action arises out a construction project in Bayou Segnette State Park in Westwego (the "Project"). The State of Louisiana (the "State") entered into a contract with Troy Frick as general contractor for the construction of the Project (the "Original Contract"). Defendant Star Insurance Company ("Star"), as surety, issued a statutory Performance and Payment

1

Bond in the amount of $2,546,000 for the Project. The State entered into a separate contract with Defendant The Architectural Studio/James Dodds, AIA Corporation ("TAS") for planning, design, and management services with regard to the Project, whereby TAS was to provide construction documents (the "Contract Documents") and administer the construction contract between the State and the contractor.

When Frick failed to satisfactorily complete work on the Project, the State made demand on Star to remedy and complete the work. Star executed a Surety Takeover Agreement with the State (the "Takeover Agreement"). Star then executed a completion contract with Plaintiff Patriot Contracting, LLC ("Patriot"), where Patriot was to complete the work outlined in the Original Contract (the "Completion Contract"). Patriot was to rely on the Contract Documents created by TAS in completing the work. TAS also had the authority in its role as contract administrator to review Patriot's payment applications and decide whether to certify the work as complete, including the authority to withhold payment for work TAS deemed incomplete or inadequate.

Patriot alleges that it became aware of design errors and omissions in the Contract Documents prepared by TAS, and that these errors resulted in significant cost overruns to Patriot and delays to its work. It further alleges that TAS was slow to respond to Patriot's requests for information regarding the details of the Contract Documents and that TAS's failures caused it to incur increased expenses. The parties agree that TAS declined to certify Patriot's construction of a concrete slab and withheld payment to Patriot. Patriot alleges that TAS acted unreasonably in withholding that and other payments, and alleges that Star and TAS continued to demand "unreasonable punch list work." Ultimately, Patriot abandoned the Project on November 9, 2015. The

State terminated the Takeover Agreement on March 14, 2016 and rebid the Project.

Patriot filed claims against Star and TAS for professional negligence in preparing the Contract Documents, professional negligence in administering the contract, and for quantum meruit and unjust enrichment. Patriot has since settled its claims against Star.

TAS now moves for partial summary judgment dismissing Patriot's claims for professional negligence in administering the contract on the basis of exculpatory clauses contained in the construction contract. Patriot opposes the motion. TAS also moves to dismiss Patriot's claims for unjust enrichment on the ground that the remedy is not available when pled in the alternative with another viable theory of recovery, and claims for attorney's fees on the ground that no statute or contract provision provides for their recovery. Patriot clarifies that it is not seeking attorney's fees against TAS and opposes the motion to dismiss its unjust enrichment claims.

## **LEGAL STANDARD**

### I. **Summary Judgment**

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

---

[1] Fed. R. Civ. P. 56 (2012).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[6] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## II. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[9] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the

---

[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[6] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[10] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[11] The Court need not, however, accept as true legal conclusions couched as factual allegations.[12]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[14] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[15]

## LAW AND ANALYSIS

### I. TAS's Motion for Summary Judgment on Negligent Administration

TAS moves for partial summary judgment dismissing Patriot's claims for professional negligence in administering the contract on the basis of exculpatory clauses contained in the construction contract. TAS argues that those clauses prohibit the imposition of liability on TAS for acts taken to administer the contract in good faith and points out that Patriot has produced no evidence that TAS did not act in good faith, as is its burden. Patriot opposes the motion, arguing that the clauses do not limit TAS's liability because a) TAS cannot rely on provisions of a contract to which it was not a party, b) even if the exculpatory clauses apply, they cannot relieve TAS of an independent

---

[10] *Id.*
[11] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[12] *Iqbal*, 556 U.S. at 678.
[13] *Id.*
[14] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[15] *Lormand*, 565 F.3d at 255–57.

professional duty, and c) the exculpatory provisions are void under Louisiana Revised Statutes § 9:2780.1. Patriot also argues that, even if the exculpatory provisions are effective, summary judgment is inappropriate because TAS has failed to produce evidence that TAS acted in good faith and the question of subjective intent is one for a jury.

The provisions that TAS argues exculpate it from liability for negligent administration appear in the "General Conditions,"[16] which were incorporated into the Construction Contract between Frick and the State.[17] Patriot became bound by the General Conditions when it agreed to the Completion Contract, which itself incorporated the original Construction Contract.[18] The General Conditions provide that:

> § 4.2.6 The Architect has authority to reject Work that does not conform to the Contract Documents. . . . However, neither this authority of the Architect nor a decision made in good faith either to exercise or not to exercise such authority shall give rise to a duty or responsibility of the Architect to the Contractor, Subcontractors, . . . or other persons or entities performing portions of the Work.
>
> . . .
>
> § 4.2.11 The Architect will interpret and decide matters concerning performance under, and requirements of, the Contract Documents . . . . The Architect's response to such requests will be made in writing within any time limits agreed upon or otherwise with reasonable promptness.
>
> § 4.2.12 . . . When making such interpretations and decisions, the Architect will . . . not be liable for results of interpretations or decisions rendered in good faith.[19]

---

[16] Doc. 163-2.
[17] Doc. 154-2 at 4–5.
[18] Doc. 154-2 at 22.
[19] Doc. 163-2 at 19.

The Court finds that the exculpatory clauses of the contract are valid, may be enforced against Patriot, and do serve to limit, but not eliminate, Patriot's claim for negligent contract administration. Louisiana law allows a person to waive their right to assert another's negligence.[20] The exculpatory clauses here clearly and unambiguously state that TAS will not have a duty toward, nor be liable to, Patriot for acts of contract administration that TAS makes in good faith. Because the clauses refer to duty and liability generally, the clauses limit both contractual and delictual duties.[21] The fact that Patriot was not a party to the original Construction Contract is no bar to the enforcement of the exculpatory clauses, as Patriot agreed in the Completion Contract to be bound by the Construction Contract. Nor does § 1.1.2 of the General Conditions prevent TAS from relying on the exculpatory clauses, as Patriot argues, because the limitation of TAS's liability is a provision "intended to facilitate performance of the Architect's duties."[22]

The Court also finds that Louisiana Revised Statutes § 9:2780.1 does not apply to the exculpatory clauses. Section 9:2780.1 states that:

> [A]ny provision, clause, covenant, or agreement contained in, collateral to, or affecting a . . . construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which

---

[20] *See* LA. CIV. CODE art. 7 cmt. (c) ("The second paragraph of Article 11 of the Louisiana Civil Code of 1870 contains a self-evident proposition, that a private person may renounce a right or privilege unless renunciation is expressly or impliedly forbidden, affects the rights of others, or is contrary to public good. For this reason, that paragraph has not been reproduced in this revision."); Parrino v. Royal Ins. Co. of Am., 484 So. 2d 282, 288 (La. App. 3 Cir. 1986).

[21] *See* Farrell Const. Co. v. Jefferson Par., 693 F. Supp. 490, 494 (E.D. La. 1988).

[22] Doc. 163-2.

the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable.[23]

This statute prohibits indemnity agreements, that is, agreements in which one party agrees to reimburse a second party for any damages for which the second party becomes liable.[24] In contrast, the clauses at issue here are limitations of liability. Patriot did not agree to reimburse TAS for the harm that TAS caused to a third party, but rather, agreed to limit to its own ability to recover against TAS for negligence. The Court finds that § 9:2780.1 does not prohibit limitations of liability.[25]

Accordingly, because the exculpatory clauses are valid and enforceable against Patriot, TAS's Motion is GRANTED to the extent that Patriot may not recover for acts of contract administration that TAS made in good faith.

TAS further moves to dismiss Patriot's entire claim for negligent contract administration because Patriot has failed to present evidence that TAS acted in bad faith. Because TAS has met its burden to prove that the exculpatory provisions are valid, Patriot will bear the burden at trial to prove that TAS's actions were not in good faith.[26] At this stage in the proceedings, Patriot has introduced sufficient evidence to establish a question of material

---

[23] LA. REV. STAT. § 9:2780.1.
[24] *See* Nassif v. Sunrise Homes, Inc., 739 So. 2d 183, 185 (La. 1999) ("Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.").
[25] *See* Thrash Commercial Contractors, Inc. v. Terracon Consultants, Inc., 889 F. Supp. 2d 868, 876 (S.D. Miss. 2012) ("Most courts that have considered the issue have concluded that a limitation of liability clause is different from an indemnity and hold harmless clause and that consequently, statutory restrictions on anti-indemnity clauses do not apply to limitation of liability clauses.").
[26] *C.f.* Fin & Feather, LLC v. Plaquemines Par. Gov't, 202 So. 3d 1028, 1035 (La. App. 4 Cir. 2016) (holding that once a defendant establishes that a statutory tort immunity applies, the burden shifts to the plaintiff to prove conduct that falls outside of the immunity); Isadore v. Interface Sec. Sys., 58 So. 3d 1071, 1074 (La. App. 3 Cir. 2011) (holding that once a defendant proves that a contractual limitation of all liability applies, the burden shifts to the plaintiff to prove conduct for which, by statute, a party cannot waive liability).

fact as to whether TAS acted in good faith.[27] Accordingly, TAS's Motion is DENIED to the extent that it seeks dismissal of Patriot's entire claim for negligent contract administration.

## II. TAS's Motion to Dismiss Claims for Unjust Enrichment and Attorney's Fees

Under Louisiana law, a claim for unjust enrichment may only be brought when there is no other remedy available.[28] Generally, a plaintiff may not plead a claim for unjust enrichment alongside another legal theory.[29] Patriot argues only that its claim for unjust enrichment is viable if the exculpatory clauses of the Completion Contract serve to limit TAS's liability. Because this Court has already found that the Completion Contract limits, but does not bar, Patriot's claims for negligent administration, Patriot has a delictual remedy available to recover its damages. Accordingly, Patriot's claim for unjust enrichment is DISMISSED.

Patriot also clarifies that it did not intend to state a claim for attorney's fees against TAS. Accordingly, to the extent that Patriot's complaint does state a claim for attorney's fees against TAS, such a claim is DISMISSED.

---

[27] *See, e.g.*, Docs. 169-2 (affidavit of Patriot CEO stating that TAS refused Patriot's offer to re-pour the concrete slab and refused to respond to Patriot's inquiries), 169-3 (deposition of TAS representative stating that TAS may have pulled the amount it withheld from Patriot "out of the air").

[28] LA. CIV. CODE art. 2298; *see also* Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co., 201 F. App'x 988, 992 (5th Cir. 2006) (dismissing a claim for unjust enrichment by a bank who honored checks overdrawing fraud perpetrator's account against the fraud perpetrator's business because the law provided a right of action against the fraud perpetrator himself).

[29] *See* Matthews v. Stolier, No. 13-6638, 2015 WL 1726211, at *6 (E.D. La. Apr. 15, 2015); JP Mack Indus. LLC v. Mosaic Fertilizer, LLC, 970 F. Supp. 2d 516, 521 (E.D. La. 2013) (Feldman, J.) (collecting cases).

## CONCLUSION

For the foregoing reasons, TAS's Motion for Summary Judgment Dismissing Claims for Negligent Administration is GRANTED IN PART. Patriot may not recover for acts of contract administration that TAS made in good faith.

TAS's Motion to Dismiss Claims for Unjust Enrichment and Attorney's Fees is GRANTED, and such claims are DISMISSED.

New Orleans, Louisiana this 1st day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**