UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATRIOT CONTRACTING, LLC**                                   **CIVIL ACTION**

**VERSUS**                                                               **NO:    15-06634**

**STAR INSURANCE COMPANY, ET AL**                    **SECTION: "H" (4)**

**ORDER**

Before the Court is Patriot Contracting, LLC's **Motion for Leave to File Second Amended and Supplemental Complaint. R. Doc. 190.** The motion is opposed. R. Doc. 208. The motion was submitted on February 28, 2018.

**I.    Background**

The instant matter was filed pursuant to this Court's diversity jurisdiction by Patriot Contracting, LLC ("Patriot") against Star Insurance Company ("Star") and The Architectural Studio/James Dodds/AIA Corporation ("TAS"). R. Doc. 1; R. Doc. 8. Patriot alleges that a contract was entered into regarding a construction project in Bayou Segnette State Park. R. Doc. 1, p. 2. Patriot states that Star, as the surety, issued a statutory performance and payment bond, and the State entered in a contract with TAS for the planning and design of the project and TAS prepared plans and specifications for the project. Patriot contends that the original contractor was placed in default and the State made a demand on Star to finish and remedy the project at which time Star executed a takeover agreement and executed a contract with Patriot to complete the project. R. Doc. 1, pp. 1-4. Patriot alleges that its agreement to complete the work relied on the completeness, accuracy, and correctness of documents provided by TAS and given to Patriot by Star, however, there were significant errors and deficiencies in those plans resulting in cost overruns and delays in Patriot's work which caused monetary damage *Id.* at pp. 5-6. Patriot contends TAS did not act in a prompt manner and Star did nothing to require TAS to act promptly causing delays which

effectively forced Patriot to fund the work of the project without payment. *Id.* at p. 6. Patriot alleges that the Defendants have breached their contracts and withheld compensation from Patriot making them liable for the unpaid balance of work, additional costs incurred, and all other appropriate damages. *Id.* at pp. 7-11. Patriot further alleges that TAS breached its duty to exercise professional care and skill customarily employed by other architects in the same general area which has caused damages. *Id.* at pp. 12-13. Further, Patriot alleges that the Defendants have been unjustly enriched. *Id.* at p. 14.

Star filed a counterclaim against Patriot for breach of contract and indemnity and made a third-party demand against Travelers Casualty and Surety Company of America ("Travelers") pursuant to bond obligations, sought reimbursement for amounts paid to Patriot when it did not have a valid contractor's license, a crossclaim against TAS, and declaratory relief stemming from indemnity provisions in the contracts. R. Doc. 28.

On November 30, 2017, the District Court entered an order of partial dismissal for all the claims between Patriot, Travelers, and Star pursuant to a partial settlement between these parties. R. Doc. 159. The final Pre-Trial conference in the matter was held on February 22, 2018, and Trial is set for March 26, 2018.

The instant motion was filed by Patriot seeking an order from the Court granting leave to file its Second Amended and Supplemental Complaint. R. Doc. 190. Patriot argues that the amended complaint does not change the substance of the case, but rather reflects that Patriot will be asserting Star's claims against TAS. Patriot argues that Federal Rule of Civil Procedure 15(a) applies to this motion and the motion should be granted because: (1) there is no undue delay, bad faith, or dilatory motive; (2) TAS is not unduly prejudiced if this amended complaint is allowed;

and (3) the futility and repeated failure to cure prongs of the Rule 15(a) analysis are not applicable to this situation. *Id.* at pp. 2-3.

The motion is opposed by TAS. R. Doc. 208. TAS argues Patriot has not shown that good cause exists for modifying the Court's scheduling order pursuant to Rule 16(b). *Id.* at p. 3. TAS contends that: (1) the scheduling order for amending pleadings has passed; (2) TAS would be prejudiced by Patriot's motion to amend because there is no time left for discovery to determine whether the assignment was validly made or whether any consideration was given in exchange for the assignment; (3) the amendment is not important as it is futile because Patriot cannot assert these claims as they were not included in the Pre-Trial Order, Patriot has not produced the agreement or identified it in the Pre-Trial Order, nor has Star disclosed damages computations against TAS making it impossible to prove at trial since this evidence cannot be used; and (4) trials has been reset 5 times and with it set one month away a continuance would harm TAS and the Court. *Id.* at pp. 3-8.

## II.  **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d

987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n.,* 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**III. Analysis**

As an initial matter, the Court finds that a scheduling order of the District Court was in effect at the time the instant motion was filed. R. Doc. 153. As such, Rule 16(b) governs the

4

amendment of pleadings in the instant matter. Further, the scheduling order issued set the final Pre-Trial Conference for February 22, 2018, and Trial for March 26, 2018. *Id*.

### A. Rule 16(b) Analysis

A motion to amend pursuant to Rule 16(b) will only be granted for good cause. To determine whether good cause exists in granting an untimely amendment the Court considers the movants explanation for its timely failure to amend, the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure the prejudice. *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536).

Patriot's motion does not address the Rule 16(b) factors. Instead, Patriot solely focuses on the more liberal amendment standard of Rule 15(a). However, before the Court will analyze a motion to amend under the liberal standard of Rule 15(a) the movant must first demonstrate good cause under Rule 16(b).

As part of their memorandum in support of their motion Patriot does make several statements that while made under the Rule 15(a) framework can address the Rule 16(b) factors. First, Patriot states, "the assignment set forth in the Amended Complaint was recently finalized at the end of January after good faith negotiations between Star and Patriot. Further, as soon as an agreement as to the assignment had been reached and prior to any executed assignment, Patriot informed TAS of the assignment of those rights." R. Doc. 190-1, pp. 2-3. The instant motion was then filed on February 8, 2018. As such, it appears that the reason for the untimely amendment is that amendment could not be made until the assignment of rights between Patriot and Star was executed and the motion was filed shortly thereafter.

Patriot further states that the proposed amended complaint "does not add claims or parties and does not change the substance of the case." *Id.* at p. 3. Patriot contends that the proposed amendment does not prejudice TAS because TAS "always had to, and will still have to, prepare its defense to Star's claims." *Id.*

TAS opposes the motion and relies on the Rule 16(b) framework. R. Doc. 208. TAS states that the partial settlement was reached between Patriot, Travelers, and Star on November 21, 2017, the motion for leave to file an amended complaint to assert Star's claims against TAS was filed on February 8, 2018, and as of the filing of the opposition Star has not dismissed its crossclaim and apparently remains a party to the suit. R. Doc. 208, p. 2. Further, TAS states that on February 15, 2018, the parties filed their joint Pre-Trial Notice wherein Patriot did not identify the settlement agreement in its exhibit list, nor did it identify witness who would testify to the alleged assignment. *Id.*

TAS argues that it is prejudiced because there is no time left for discovery in this case. *Id.* at p. 4. TAS states it should be afforded the opportunity to fully discover all facts and circumstances of the alleged assignment, however, discovery is closed, and that Patriot has refused to produce the settlement agreement even though settlement agreements are discoverable. *Id.* TAS contends that without being able to see the entire settlement agreement it cannot assess whether it was validly made and if conditions or limitations were placed on it. Further, TAS argues that under La. C.C. art. 2652 if any consideration was given to Star by Patriot in exchange for the assignment TAS could extinguish the assigned rights by paying Patriot an amount equal to the consideration it gave. *Id.* In addition, TAS states that the mere production of the agreement would not be enough because the assignment could be "nothing more than a simulation" with the parties' true intent being expressed in an oral agreement or separate writing. *Id.* at p. 5. Therefore, TAS argues it

6

should be afforded the ability to conduct full discovery of all documents related to the agreement and depose all individuals involved in negotiating the agreement so all facts concerning the assignment can be learned. *Id.*

According to TAS the amendment is also not important in this case since it is futile because Patriot cannot prove it is entitled to assert the assigned claims or the damages subject to the assigned claims. R. Doc. 208, p. 5. TAS argues that the Federal Rules of Civil Procedure, the scheduling order, and the Pre-Trial Notice all require the full disclosure of all information, documents, and witnesses that will be used to support or defend claims at trial. *Id.* at p. 6. TAS contends that the penalty for failing to make disclosures as required by Rule 26(a) or 26(e) is that the party is not allowed to use that information in motions, at hearings, or at a trial. Further, TAS argues the Pre-Trial Notice required that the joint Pre-Trial Order identify all exhibits to be used at trial, witnesses to be called, and the matters on which witnesses will testify and that failure to comply means the party cannot use the exhibit, witness, or testimony. *Id.*

TAS argues that Patriot is not entitled to assert the alleged assigned claims because Patriot has failed to produce the agreement that contains the alleged assignment and the assignment was not identified as an exhibit in the PTO, nor were any witness identified concerning the alleged assignment making Patriot unable to put on evidence regarding the assignment and therefore cannot prove it has the right to assert the assigned claims. Further, TAS argues that Patriot cannot be on evidence of Star's damages at trial because Star has never disclosed a computation of damages against TAS as required under Rule 26(a)(1)(A)(iii) and 26(e). *Id.* at pp. 6-7. TAS further states it has filed a motion *in limine* with respect to failure to provide a computation of damages. According to TAS the amendment is futile as Patriot cannot prove Star's damages. Further, TAS states that should Patriot be allowed to amend it should be accompanied by a full disclosure and

7

computation of all damages claimed so that TAS can discover the factual basis for the damages, which has never been disclosed. *Id.* at p. 7. Further, TAS argues that in Star's initial disclosures it contend Patriot was liable for all of Star's damages in its damages computation. *Id.*

TAS also argues that a continuance in this matter would be harmful to both TAS and the Court. R. Doc. 208, p. 8. TAS states that this matter is in the third year of litigation, trials has been set and reset five times, and is set for just over one month away. TAS further notes that the discovery and pretrial motion deadlines have passes and the joint PTO has been submitted, and therefore a continuance would require the reopening of discovery, additional motion deadlines, and a sixth trial date. *Id.*

Prior to the submission date, Patriot requested leave to file a reply memorandum, which the Court granted. R. Docs. 218, 219. In the reply Patriot argues it has shown good cause. R. Doc. 220. That the Court's *in camera* review of the settlement agreement will resolve issues as to its validity, the argument that there is a lack of disclosure of Star's damages is refuted by Star's Initial disclosures/counterclaim/crossclaim/third-party demand/and Star's Payment Application. *Id.* at pp. 1-2. Patriot further states that there has been adequate discovery to address Star's damages because Star's crossclaim and third-party demand was in June 2016, which preceded the discovery cut-off by a year and TAS cannot claim lack of opportunity when it has had significant time. *Id.* at p. 2. Finally, Patriot argues it has directly refuted any suggestion by TAS concerning its damages in its opposition to the motion *in limine* concerning damages before the District Court because it has listed sufficient Patriot and Star witnesses to testify concerning damages and listed sufficient exhibits to support claims for liquidated damages. *Id.*

The first prong the Court considers under a Rule 16(b) good cause analysis is the reason for the failure to timely amend. Based on the facts of the case and the procedural posture, the first

prong weighs in favor of amendment. Patriot could not assert Star's claims against TAS until that agreement was reached, and the District Court issued it order of partial dismissal on November 20, 2017. Further, Patriot indicates the actual agreement was not finalized until the end of January. Therefore, the Court finds that the motion for leave to amend to assert Star's claims could not have been filed before that time.

The second prong is the importance of the amendment. In its briefs, Patriot does not address the importance of the amendment. The assignment involved was part of the settlement agreement between Patriot and Star and therefore was important to resolving the claims between the two parties. If the Court were to deny leave to amend Patriot could not assert Star's claims. Also, the argument by TAS that the amendment is unimportant because it is futile is unpersuasive. The question of whether Patriot can assert these claims is one for the District Court with respect to its Pre-Trial order and the motions *in limine* pending before it. This Court should not substitute its reasoning on these issues for that of the District Court. The Court, therefore, finds the amendment important.

The third prong is the potential prejudice to the adverse parties. First, the Court was able to conduct a review of the settlement agreement and ordered a release of the paragraphs that addressed the assignment at issue. Further, TAS has been aware of the claims by Star since June 23, 2016, when the crossclaim in this case was filed. R. Doc. 28. As such, the Court finds no prejudice in the amendment.

The fourth prong of the analysis is the availability of a continuance to cure any prejudice. Considering that all of the available information has been provided a continuance is not necessary.

The Court finds that good cause exists for the amendment. While the Court finds that Patriot has satisfied the good cause Rule 16(b) analysis, a Rule 15(a) analysis is still required.

## B. **Rule 15(a) Analysis**

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court does not find undue delay, bad faith, or dilatory motive with respect to this motion. Based on the representations to the Court, the motion to amend was filed after the finalization of the settlement agreement. Further, the Court does not find that the TAS is prejudiced. As noted, Star's claims against TAS have been known since the crossclaim was filed, therefore, there are not additional claims to be defended against. In addition, the Court does find that the amendment would pose an undue burden on the Court, as the motion practice involved with Patriot asserting Star's claims would be similar if not the same as if Star was asserting its own claims.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion

10

is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

      The Court finds that while this is the second amended complaint filed by Patriot, this is the first complaint with respect to Patriot asserting Star's claims against TAS. Patriot is by definition not amending the complaint to cure prior deficiencies in its pleadings as this is the first amendment dealing with the assigned rights. As such, the Court finds that the second factor weighs in favor of amendment.

      The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

      The Court finds that the amendment does not cause undue prejudice or fundamentally alter the nature of the case. Patriot is not attempting to assert entirely new and different claims against

11

TAS. Rather, the additional claims that Patriot now seeks to assert are the claims that Star brought against TAS. TAS would therefore have been preparing to defend itself against these claims from the inception of Star's filing of the crossclaim in the instant matter up to the settlement. There is no need to reopen discovery in this matter. The Court, therefore, finds that the third factor weighs in favor of amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The proposed amendment states that Patriot will assert Star's claims against TAS. R. Doc. 190-2.  As noted earlier, TAS argues the amendment is futile because Patriot will not be able to prove it is entitled to assert the alleged assigned claims or the damages subject to the assigned claims because Patriot failed to comply with Rule 26 and the Court's Pre-Trial Notice. R. Doc. 208, pp. 5-7. This Court, however, finds that the amendment is not facially futile. The question of whether Patriot will be able to put on the witnesses required or prove Star's damages is ultimately a question for the District Court in this matter. This Court will not substitute its reasoning for that of the District Court with respect to these issues. As such, the Court finds that the fourth factor weighs in favor of amendment.

Based on the Court's analysis pursuant to Rule 15(a) the Court finds that there is no substantial reason for deny the motion for leave to amend and it should be granted.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Patriot Contracting, LLC's **Motion for Leave to File Second Amended and Supplemental Complaint (R. Doc. 190)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court shall filed the second amended and supplemental pleading attached to the motion into the record.

New Orleans, Louisiana, this 7th day of March 2018.

*[signature]*

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**